MATTER OF CHHEAV

In Deportation Proceedings

A–22417010

*Decided by Board October 18, 1978*

(1) An alien seeking adjustment of status as a nonprincipal alien under the provisions of the Act of October 28, 1977, Public Law 95–145, 91 Stat. 1223, relating to spouses and children of Indochinese refugees need not have an approved visa petition as a prerequisite for that relief.

(2) Adjustment of status will be granted under the provisions of Public Law 95–145 to one claiming eligibility as the spouse of an Indochinese refugee eligible for relief under that Act as a principal only upon a showing that the marriage is one recognizable for immigration purposes.

CHARGES:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor— remained longer than permitted

Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failed to comply with conditions of nonimmigrant status under which admitted

ON BEHALF OF RESPONDENT:
Robert A. Shivers, Esquire
833 Bandera Road, Suite 201
San Antonio, Texas 78228

ON BEHALF OF SERVICE:
Richard M. Casillas
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent moves for the reopening of these proceedings so as to apply for adjustment of status under the provisions of Title I of Public Law 95–145, 91 Stat. 1223. The motion will be granted and the record will be remanded for further proceedings before an immigration judge.

The respondent is a native and citizen of Mexico. She was admitted to the United States as a nonimmigrant visitor for pleasure on March 10, 1975. On October 26, 1976, she was found deportable as a nonimmigrant who remained beyond her authorized period of stay and who failed to comply with the conditions of her status. On January 13, 1977, we affirmed the immigration judge's decision.

On November 23, 1977, the respondent submitted the present motion to reopen. She claims eligibility for adjustment of status under the

provisions of the Act of October 28, 1977, on the basis of her marriage on July 30, 1976, to a person claimed to be a Cambodian refugee.

The trial attorney who responded to the respondent's motion opposed the motion on the ground that the respondent was ineligible for adjustment of status because a visa petition has not been filed and approved on her behalf. The trial attorney did not challenge the bona fides of marriage nor the fact that the respondent's spouse may be an alien who may adjust his status as a principal under the provisions of the Act of October 28, 1977.

Our reading of Public Law 95-145 raised in our minds the possibility that an approved visa petition may not be necessarily required in cases such as the present. Therefore, on April 28, 1978, we addressed an inquiry to the chief trial attorney in this regard. Pending our inquiry, the Service published on May 2, 1978, 43 F.R. 18643, final regulations to implement Title I of the Act of October 28, 1977. The regulations again were silent on the issue of the need for an approved visa petition on behalf of nonprincipal aliens.

On September 1, 1978, we received a response to our inquiry of April 28, 1978. The Service informs us that in their opinion the provisions of the Immigration and Nationality Act which would normally require the filing of a visa petition in similar cases under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255, are not applicable.

The Service informs us that a particular form has been designated for use to apply for adjustment of status under this special statute. In view of the fact that at the time the respondent filed her motion that form was not yet available, the respondent should be allowed an opportunity to complete the appropriate form on remand.

We find the documentation submitted by the respondent sufficient to establish *prima facie* eligibility for the relief she seeks. Although a visa petition is not required, section 107 of the Act of October 28, 1977, makes applicable the definition of "spouse" contained in the Immigration and Nationality Act. Accordingly, it will be the respondent's burden to prove her marriage is one otherwise recognizable for immigration purposes before adjustment of status is granted under Public Law 95-145.

ORDER: The record is remanded for further proceedings.